W. SHARP, J.,
concurring and concurring specially.
I sympathize with the suggestion in Judge Harris’ dissenting opinion that because of the age of the appellant — eight and one-half years old at the time of the sexual battery — this incident could be better handled other than in the context of a criminal proceeding. However, the Legislature has provided no cut-off age for persons who are too young to commit crimes. As appellate courts, we cannot do so. Nor can we add requirements for sexual battery crimes that a person should not be prosecuted unless he or she is past or in the midst of puberty, or that the state must prove that the act was done with the motive of obtaining some sort of sexual gratification, without some basis in statutory or case law.
It appears the decision to criminally prosecute and to convict is up to the state attorneys and the trial courts. It is a matter of discretion and judgment to be applied on a case-by-case basis. In this case, the victim testified he was tricked and forced into the sex act. He was mad about that, not because there was no candy in his half-brother’s pants, but because he felt betrayed by him into doing something that he, even at age 4, knew was wrong and bad. That incident ended the boy’s contact and relationship with his stepbrother, which had been close. He did not want to see his half-brother again.
Further, there was evidence that the defendant knew he had done something very bad. He refused to go home with the four-year-old and his mother when she appeared to pick them up from their grandparents’ house where the event took place. The victim’s mother testified she could not understand this behavior and thought it very strange. The next morning when the four-year-old took her aside to tell her something “very serious” had happened she began to understand. She said the sexual battery had adversely affected her son. It was “eating on him” and she felt she had to do something about it.
Looking at the evidence from the point of view favoring the ruling of the trial judge, this incident was not exactly a harmless or innocent incident of young *347 children “playing doctor.” The trial judge said:
[T]here was something seriously wrong here. No matter how I look at this case, one or both of these children have what I call super pseudo sexual sophistication. In other words they know a whole lot more than they ought to be knowing at eight and four, which is why I say there is a serious problem here that nobody’s addressing.
The trial judge went on to suggest that one or both of the children were victims of sexual abuse themselves.
In view of this record, I think we have no choice but to affirm.